**Robert BAKER, Plaintiff,**

v.

**McDONALD'S CORPORATION, Defendant.**

No. 83–6313–Civ.

United States District Court, S.D. Florida.

Dec. 4, 1987.

William N. Hutchinson, Jr., Fort Lauderdale, Fla., for plaintiff.

plaintiff to show this.

Jeffrey McClellan, Atlanta, Ga., for defendant.

## ORDER GRANTING MOTION FOR SANCTIONS IN PART

PAINE, District Judge.

This cause is before the Court upon the defendant's motion for sanctions and supplemental request for sanctions (D.E. 25 and 63) against the plaintiff's attorney and/or the plaintiff for the bringing of this employment discrimination suit. On this same date, we have entered an Order granting the defendant's motion for summary judgment. After a review of the pleading, admissions, depositions, affidavits and other documents on file, we make the following findings:[1]

1. As part of his complaint against this defendant, plaintiff's attorney asserted causes of action predicated on violations of the Thirteenth and Fourteenth Amendments to the U.S. Constitution, and violations of 42 U.S.C. §§ 1981, 1983, 1985(3) and 2000e, as well as a common-law claim for slander and/or defamation.

2. The *Federal Rules of Civil Procedure*, Rule 11, provides that,

> The signature of an attorney or a party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of of existing law....

That rule further provides that any attorney who violates Rule 11 may be liable for sanctions, including costs and reasonable attorney's fees.

3. In this case, the claim brought directly under the Thirteenth Amendment was not warranted by existing law, since claims predicated on violations of Thirteenth Amendment must be brought pursuant to one of the implementing statutes, such as 42 U.S.C. § 1981. Likewise, the plaintiff's claim brought pursuant to 42 U.S.C. § 1985(3), to the extent that it was predicated on an alleged conspiracy to violate Title VII, was not warranted by existing law.

4. Plaintiff's claim asserted directly under the Fourteenth Amendment, and plaintiff's claim pursuant to 42 U.S.C. § 1983, were not well grounded in fact. It is axiomatic that such claims require state action, and it has been evident from the inception of this case that the defendants were wholly private actors. This fact hardly needed any inquiry, as it fairly jumps out at one. To the same extent, any claim plaintiff asserted under § 1985(3) for a conspiracy to deprive him of rights guaranteed by the Fourteenth Amendment, was not well-grounded in fact.

5. At the time this suit was filed, there was nothing to indicate that McDONALD's had slandered or defamed the plaintiff. Even after a reasonable period of time *after* the filing of this suit and *after* discovery had been underway, the plaintiff had no evidence to show that the defendant had defamed him in any way. In short, the plaintiff had no facts at the time this suit was filed which would indicate that McDONALD'S had said anything about him to anyone. As we noted in our Order Granting Summary Judgment, it was the *plaintiff* who announced to his former co-employees that he had been discharged for sexual harassment. So, we find that this claim, too was not well-grounded in fact.

6. We also find that plaintiff's claim under § 1985(3) for an alleged conspiracy to deprive him of rights guaranteed by the Thirteenth Amendment and 42 U.S.C. § 1981 was not well-grounded in fact. There were no facts to show that any individual employee of the corporation combined or conspired with any other employee to do anything against the plaintiff. The plaintiff simply concluded in his complaint that a conspiracy had existed without having any fact to show that any person had acted in concert with another.

It should be noted that we base our finding here on the lack of facts—not law.

---

1. In this Order, we rely on the findings and fact and conclusions of law set forth in our Order Granting Summary Judgment. The reader is directed to refer to that Order.

The defendant argues that, based on the facts of this case, the only conspiracy which could have existed was one among corporate employees and, as a matter of law, a conspiracy among corporate employees may not exist. While it is true that the most recent cases hold that a conspiracy among corporate employees does not constitute a "conspiracy" within the meaning of the law (a legal theory which we have adopted and followed in this case), there are cases which hold otherwise. So, we can not say that the plaintiff's conspiracy allegations were not warranted by existing law.

7. While we have our doubts as to whether *any* claim should *ever* have been filed based on the facts of this case, we will give the plaintiff the benefit of the doubt and allow that his Title VII claim was not so baseless and frivolous as to justify the imposition of sanctions. Because of the limited amount of time afforded to complainants under Title VII in which to file suit, the plaintiff's attorney may not have had a large amount of time in which to conduct a pre-filing investigation of plaintiff's Title VII claim. Because plaintiff's claim pursuant to 42 U.S.C. § 1981 involved the same allegations and facts as his claim under Title VII, as well as the same sources and standards of proof, we will not impose sanctions for the filing of that claim (although the time limitations imposed on Title VII suits do not apply to suits brought under § 1981).

8. In summary, then, we find that all of plaintiff's claims, except those asserted under 42 U.S.C. § 1981 and § 2000e, were either not warranted by existing law or not well-grounded in fact. We also note one aggravating factor: During the course of Delores Baker's deposition, when it was pointed out to plaintiff's counsel that there was absolutely no factual basis for any claim asserted under the Fourteenth Amendment or pursuant to 42 U.S.C. § 1983, counsel for the defendant requested plaintiff's attorney to voluntarily dismiss those claims so that the defendant would not be required to litigate them further. Counsel for plaintiff refused. *See,* Attachment to D.E. 64.

We do not mean to imply that an attorney should bow to threats made by opposing counsel. On the other hand, if it wasn't apparent to Mr. Hutchinson at the inception of this suit that a claim based on the Fourteenth Amendment and/or § 1983 was not legally cognizable under the facts of this case, it certainly should have been at the time Mrs. Baker's deposition was taken. We note further that, not only did Mr. Hutchinson fail to file a response to the motion for summary judgment, he also failed to respond to the defendant's first motion for sanctions. Moreover, although he did file a response to the defendant's supplemental request for sanctions, that response did not address the issues raised by the defendant (and was legally incorrect to boot!).

In view of all of the foregoing, we find that the imposition of sanctions is warranted. We must now determine against whom these sanctions should be imposed (i.e., either the plaintiff, his attorney, or both) and in what amount.

9. It is our opinion that it is the plaintiff's attorney who is the offending party here. Mr. Hutchinson was the person who drafted the complaint and who chose which causes of action would be asserted. It was Mr. Hutchinson who signed the pleadings, and who should have known that the facts of this case, not to mention the law, did not support certain of the claims asserted. Accordingly, we find that Mr. Hutchinson has run afoul of Rule 11 and should be made to the price.

10. In determining what that price might be, we are concerned with two factors: First, to deter Mr. Hutchinson from filing baseless suits in the future; and, Second, to compensate the defendant for having had to defend certain claims which should never have been brought. Rather, than impose an outright fine which has no relation to the harm suffered by the defendant, it is our opinion that the appropriate sanctions in this case should be a measure of the defendant's attorney's fees. Therefore, it is

ORDERED and ADJUDGED as follows:

1. The defendant shall file, within fifteen days from the date of this Order, an affidavit of attorney's fees. Said affidavit shall conform to the criteria set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717 (5th Cir.1974). Thereafter, the plaintiff's attorney shall file a response to the affidavit within ten (10) days of receipt of the defendant's affidavit.

2. According to our computations, there were seven (7) causes of action asserted in the complaint: The Thirteenth and Fourteenth Amendment claims, the claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3) and 2000e, and the common-law slander/defamation claim. Five (5) of these claims were found to have been either not warranted by existing law, or not well-grounded in fact. Accordingly, ⁵⁄₇th's of defendant's total attorney's fee, as determined by the undersigned as a "reasonable" fee, shall be awarded as sanctions against counsel for the plaintiff.

3. This Order is made in conjunction with the Order granting summary judgment. The parties may file one submission regarding attorney's fees, which will satisfy both Orders.